In the Matter of the Application of WILLIAM J. CAREY, Appellant, for a Peremptory Mandamus Order against CLARENCE A. SMITH, County Manager, Monroe County, New York, and Others, Respondents.

Fourth Department, March 25, 1936.

*J. Emmett O'Brien* [*Arnold H. Becker* with him on the brief], for the appellant.

*Harry Rosenberg, Monroe County Legal Adviser,* for the respondents.

SEARS, P. J. At the general election in November, 1935, the county manager form of government for Monroe county, as provided in chapter 948 of the Laws of 1935 (adding to County Law, art. 2-A), was adopted and became effective January 1, 1936. On March 8, 1934, the petitioner had been appointed deputy commissioner of public welfare for Monroe county by Harold H. Clapp who was then the commissioner of public welfare of the county. The petitioner qualified and entered upon the duties of the office and continued to act as the deputy commissioner until January 2, 1936, when he was dismissed from his office by the newly appointed and qualified county manager, Clarence A. Smith, who appointed another person to the office of deputy commissioner.

In this mandamus proceeding the petitioner challenges the effectiveness of his dismissal from office and seeks to require the county authorities to pay the petitioner the current salary of the deputy commissioner. He bases his contentions on the following provisions of the statutes:

" The director of public welfare shall serve as commissioner of public welfare and shall have the powers and perform the duties conferred on a county commissioner of public welfare under the Public Welfare Law and other statutes. The commissioner of public welfare holding office at the time the county adopts a form of government under this article shall act as director of public welfare until the expiration of the term for which he was elected." (County Law, art. 2-A, § 7-r [Laws of 1935, chap. 948].)

" The county commissioner shall appoint deputy commissioners, assistants and employees * * * and direct their work." (Public Welfare Law, § 23.)

From these provisions the petitioner argues that the appointment of a deputy commissioner is a duty of the commissioner of public welfare provided in the Public Welfare Law and this duty is transferred to the head of the department of public welfare under the new law, the head of the department being by the law itself during the balance of his elective term the former commissioner of public welfare (§ 7-r), and thereafter the director of public welfare appointed by the county manager (§ 7-l, subd. 12). The county manager, therefore, the petitioner argues, exceeded his authority in dismissing him and appointing a successor.

There are, however, other provisions of the new law which in our opinion defeat the petitioner's contention, particularly the following:

" The county * * * manager * * * shall be responsible to the board of supervisors for the proper administration of all the affairs of the county which said board has authority to control. He shall appoint all officers and employees in the administrative service of the county, except such officers required by the Constitution to be elected and their subordinates, and except as he may authorize the head of a department or office responsible to him to appoint subordinates in such department or office." (§ 7-h.)

" He [the county manager] shall appoint all officers and employees in the administrative service of the county, except as otherwise provided in this article and except as he may delegate that power." (§ 7-l, subd. 4.)

These are not isolated provisions. The whole purpose of the county manager plan is to concentrate responsibility for the administration of all departments embraced within the plan in the county manager, and hold him primarily responsible for the government of the county. The administration of the public welfare activities of the county is expressly included among his duties (§ 7-l, subd. 11, ¶ h). When we take into consideration the general purpose of the county manager plan, the centralization of administrative authority, and read the express general power to appoint officers and employees, we are convinced that the phrase " except as otherwise provided in this article " in section 7-l, subdivision 4, has no relation to the office of deputy commissioner of public welfare formerly held by the petitioner or to the other officers and positions in the department of public welfare. To adopt the petitioner's contention would strip the county manager of effective control of the department of public welfare and would continue that department substantially as it was before the county manager plan was adopted (except for the appointment of the director). The Legislature could not have intended to provide at the same moment for a single administrative head and to tie his administrating hands.

The order should be affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ

Order affirmed, without costs.